IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ERIC E. ATKINSON                                                                                       PLAINTIFF

v.                              Civil No. 14-5126

SHERIFF KELLEY CRADDUCK;
JAIL ADMINISTRATOR JEREMY
GUYLL; LIEUTENANT STEVEN
DARNER; LIEUTENANT JESUS
MARTINEZ; MATT (last name unknown),
Manager of Keefe Commissary; JOHN
DOE, Mail Room Clerk; and CHIEF
DEPUTY ROB HOLLY                                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

According to the allegations of the complaint (Doc. 1) and the addendum (Doc. 6), Plaintiff has been incarcerated at the Benton County Detention Center (BCDC) since September 11, 2013. Plaintiff alleges that his constitutional rights are being violated in a number of ways. First, he alleges that inmates, whether indigent or not, are required to purchase basic hygiene items, such as soap, shampoo, and toothpaste, from Keefe Commissary. For $1.64 per week, an inmate receives an indigent pack that includes soap, shampoo, toothpaste, one pencil, four

-1-

envelopes, and eight sheets of paper. Doc. 6 at ¶¶ 3-4. Plaintiff maintains the fact that he is charged for these items violates his right to adequate sanitation and forces him to spend his limited funds on these essential items. Id.

While inmates receive an indigent pack even if they do not have funds in their accounts resulting in a negative balance, Plaintiff maintains the charge utilizes funds that would otherwise be available to purchase other commissary items including postage, envelopes, and paper. Doc. 6 at ¶¶ 3-4. He asserts that you cannot obtain any other items from the commissary without money in your inmate account. Id. at ¶ 4.

Second, Plaintiff asserts that the inmates are charged inflated prices for items purchased at the commissary. Doc. 6 at ¶ 4. For example, he indicates inmates are charged 69 cents for a stamped envelope and 95 cents for Ramen soups. Id.

Third, Plaintiff maintains that the inmate handbook states that inmates may send two items of personal mail per week and unlimited privileged mail. Doc. 6 at ¶ 6. However, in practice, Plaintiff asserts that Captain Holly has implemented a policy that only allows indigent inmates to receive four envelopes and eight sheets of paper. Id. Writing supplies must be ordered off commissary. Id. To obtain more writing supplies, an inmate must have money in his jail account. Id. at ¶ 4. Thus, he argues that privileged mail is limited since an inmate can only send a total of four outgoing pieces of mail per week. Plaintiff maintains this practice greatly limits his ability to properly file motions in state and federal court since he cannot obtain writing materials and cannot mail the materials when needed. Id. at ¶ 6. Plaintiff asserts that being limited to eight sheets of paper also makes it extremely difficult to comply with federal court requirements that documents be double spaced and contain a certificate of service. Id.

AO72A
(Rev. 8/82)

Plaintiff also maintains the practice limits his ability to contact his family by mail for needed support. Doc. 6 at ¶ 6. Plaintiff asserts this causes him emotional distress and exacerbates his mental illnesses. Id. at ¶ 9.

Fourth, Plaintiff asserts that both incoming and outgoing mail is held for inordinate periods of time. Doc. 6 at ¶ 5. For example, Plaintiff states two of his incoming letters and one outgoing letter were held for ten days or more. Id. Additionally, he indicates he had one letter held for twenty days. Id. While he has not missed any deadlines for filing documents with the Court that he is aware of, Plaintiff states he has had to request extensions of time because of outgoing mail being sent back. Id.

Finally, Plaintiff maintains that Lieutenant Darner and Lieutenant Martinez are slow in replying to inmate grievances and provide responses that "do nothing but hide the fact they are also denying access to the courts." Doc. 6 at ¶ 7. While Lieutenant Devore and Captain Guyll also respond to grievances, the grievances Plaintiff is concerned about were responded to by Lieutenant Darner and Lieutenant Martinez. Id. Plaintiff asserts he was denied access to the courts because when he asked for paper and envelopes they responded that they were available on the kiosk. Id.

### 2. Discussion

Under the PLRA, the Court is obligated to screen the complaint prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Certain of Plaintiff's claims are subject to dismissal. First, his claims about price gouging and Keefe Commissary having a monopoly are subject to dismissal. Even if Keefe charges exorbitant amounts pursuant to an agreement with the Sheriff, no constitutional claim is stated. See Pagan v. Westchester County, 2014 WL 982876, *17 (S.D.N.Y. March 12, 2014)(even if Aramark engages in price gouging, no constitutional claim is stated); Montgomery v. Mancusco, 2013 WL 4590436 (W.D. La. Aug. 23, 2013)("The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible"); McKnight v. Taylor, 2012 WL 5880331 (D.N.J. Nov. 20, 2012)("Prisoners have no federal constitutional right to purchase items from the jail commissary at any particular price, or to restrain the vendor from charging exorbitant prices"); Boyd v. Nowack, 2010 WL 892995, *4 (E.D. La. March 11, 2010)("[A] single commissary operating without competition does not run afoul of the Constitution. Further, as to the contention that the commissary prices are too high, inmates do not have a constitutional right to purchase commissary items at low prices").

Second, Plaintiff's claim that Lieutenant Darner and Lieutenant Martinez provide inadequate responses to his grievances is subject to dismissal. "Inmates do not have a constitutionally protected right to a grievance procedure. Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . . grievance procedure is not actionable under § 1983." Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)(citations omitted); see also Lombolt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002)(denial of grievances does not state a substantive constitutional claim); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)(inmates have no constitutional right to grievance procedure); Blagman v. White, 112 F. Supp. 2d 534 (E.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure), aff'd, 3 Fed. Appx. 23 (4th Cir. 2001).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." Blagman, 112 F. Supp. 2d at 542 (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." Id. (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).

### 3. Conclusion

For the reasons stated, I recommend that the following claims be dismissed: (1) Plaintiff's claims about Sheriff Cradduck entering into a contractual monopoly with Keefe

AO72A
(Rev. 8/82)

Commissary and engaging in price gouging; and (2) Plaintiff's claims about inadequacies in the grievance procedure. This would dismiss all claims against Matt (last name unknown), the manager of Keefe Commissary, and Lieutenant Jesus Martinez. These claims are frivolous and are subject to dismissal under 28 U.S.C. § 1915A(b). By separate order the complaint will be served on the remaining parties.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of January 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE